974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barton J. MANLEY, Plaintiff-Appellant,
v.
William W. DWELLE, individually and as Perkins Township
Trustee; Marie Hildebrandt; Donald Senne,
Perkins Township Trustee; David
Russell, Captain, Perkins
Township Police;
Defendants-
Appellees.
Richard C. Decker, Terry Griffith, Assistant Prosecutor Erie
County, Ohio, Defendants.
 No. 91-4163.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1992.
 
 Before MERRITT, Chief Judge, and MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Barton J. Manley, proceeding with assistance of counsel, appeals from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. §§ 1983 & 1985. The parties have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This case arises as a result of Manley's being dismissed as the Perkins Township, Ohio, Chief of Police. Seeking 1.5 million dollars in compensatory damages and 3 million in punitive damages, Barton J. Manley brought suit alleging that defendants violated his procedural and substantive due process rights and his right to be secure in his property rights and reputation. He also asserted pendent state law claims for defamation and intentional infliction of emotional distress.
 
 
 3
 The district court held that Manley possessed a protected property interest in his position as Chief of Police but that he was clearly afforded due process in accordance with Cleveland Bd. of Education v. Loudermill, 470 U.S. 532 (1985). The district court also concluded that defendants Dwelle and Russell were entitled to qualified immunity, and granted defendants summary judgment.
 
 
 4
 Upon review we find no error. This court reviews de novo a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 As a result of numerous complaints of misconduct, the Trustees of Perkins Township accepted the filing of charges against Manley on May 29, 1990, and a hearing was set for the next regularly scheduled meeting of the Trustees on June 12, 1990. Manley, with assistance of counsel, subpoenaed twenty-eight witnesses but failed to appear at the hearing. On June 13, 1990, at the conclusion of the testimony and upon a finding of misconduct, the Trustees voted to discharge Manley.
 
 
 6
 Manley's challenge to the constitutional validity of the proceeding is that the Trustees did not strictly adhere to Ohio Revised Code § 505.491 et seq. which sets out the procedure for firing a police constable for misconduct. O.R.C. § 505.491 provides in part that a board must file written charges detailing the allegations, and § 505.492 provides that a hearing on the charges is required at the next regularly scheduled trustee meeting. Manley claims he was made aware of the allegations of misconduct on May 14th when he was placed on suspension, and that by not scheduling his hearing for the "next regularly scheduled meeting" (i.e. May 22, 1990), the Trustees denied him due process.
 
 
 7
 The essential requirements of due process are notice and an opportunity to respond. Cleveland Bd. of Education v. Loudermill, 470 U.S. at 546. Manley received due process. A pretermination hearing was scheduled and twenty-eight witnesses subpoenaed on his behalf. Manley did not attend the hearing because he didn't want to "confer jurisdiction" on an "illegal" hearing. He therefore voluntarily surrendered his opportunity to respond to the charges of misconduct on May 14, 1990, starts the running of a psuedo-statute of limitations that expired on the date of the immediately succeeding trustee meeting.
 
 
 8
 Manley's argument that he was denied due process by the Trustees' bias against him is not well-taken. Due process in the context of a Loudermill pretermination hearing does not require impartial decision makers. Duchesne v. Williams, 849 F.2d 1004, 1008 (6th Cir.1988), cert. denied, 489 U.S. 1081 (1989).
 
 
 9
 Nor did the district court err in granting defendants Dwelle and Russell qualified immunity. The allegations of Manley's misconduct, the investigation into the allegations, and the public pretermination hearing strongly support the conclusion that "officers of reasonable competence could disagree" on whether their conduct violated Manley's rights. Gossman v. Allen, 950 F.2d 338, 341 (6th Cir.1991).
 
 
 10
 Finally, the district court properly exercised its discretion to decline to address the state law claims. UMW v. Gibbs, 383 U.S. 715 (1966).
 
 
 11
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's opinion and order dated November 13, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.